# CAROLINE GUNNERSON v. METROPOLITAN NATIONAL BANK.[1]

June 20, 1930.

No. 27,983.

*Loring & Anderson,* for appellant.

*Timerman & Vennum* and *Donald C. Rogers,* for respondent.

STONE, J.

In this action to recover damages for alleged fraud, defendant had a verdict. Plaintiff appeals from the order denying her alternative motion for judgment or a new trial.

In October, 1923, plaintiff bought from defendant a first mortgage loan secured on 77 acres in Douglas county. Her suit is for alleged fraud inducing the purchase. She originally declared upon specific representations in the borrower's application for the loan, which was read to plaintiff. She understood what the document was, and it was correctly ruled that she could not fasten upon defendant responsibility for the misrepresentations of the borrower in which it did not participate. In consequence of that ruling the complaint was amended so as to charge defendant with having represented to plaintiff that the mortgage was "a good, safe loan." Plain-

[1]Reported in 231 N. W. 415.

tiff testified that an officer of defendant told her that. He testified that all he told her was that in his opinion the loan was good. That issue was submitted to the jury, and they found for defendant. There being evidence in support of the result, we are not at liberty to disturb it.

■ At the conclusion of the charge counsel for plaintiff suggested for the first time that a written report made by an examiner for defendant and attached to the application when it was read to plaintiff contained false and misleading statements which should now be charged against defendant as fraudulent. Up to that point the case had been tried for plaintiff upon a distinctly different theory which it was too late to change. In like fashion but still more tardily, it is now urged that there was such a concealment of known facts by defendant as to amount to fraud. That claim it might be difficult to support, but without any discussion otherwise it is sufficient that the theory upon which the case was tried did not, on plaintiff's side, include or even suggest any such ground of recovery. · Cases must be determined on appeal in view of and upon the theory upon which they are tried and submitted below. It is too late after submission of the case to the jury to come in with some new theory, not suggested by evidence or argument at the trial, and say that it was error not to give it to the jury. More than ever is it too late to suggest any such thing for the first time on appeal.

Order affirmed.

Neither Mr. Chief Justice Wilson nor Mr. Justice Holt took any part in the consideration or decision of this case.